**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| GOOGLE LLC, ALPHABET INC., and XXVI HOLDINGS INC.,<br><br>                Movants,<br><br>v.<br><br>MICHAEL SURKES,<br><br>                Respondent. | Misc. Case. No. 1:20-CV-24877<br><br>Related to Civil Action No. 18-cv-2637 (LGS) pending in the United States District Court for the Southern District of New York |

**MOVANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONDENT MICHAEL SURKES TO COMPLY WITH SUBPOENA**

## TABLE OF CONTENTS

                                                                                                                                                                                            **Page**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ........................................................................................................................ 3

       I.       Stelor Productions, LLC and the Googles Business Between 2007 and 2011 .................................................................................................................... 3

       II.      The August 2011 Assignment of the Googles Mark to Stelpro and Subsequent Assignments. ........................................................................... 4

       III.     Relevant Procedural History. ................................................................... 5

LEGAL STANDARD ................................................................................................................. 6

ARGUMENT .............................................................................................................................. 7

       I.       Mr. Surkes Must Produce Documents Responsive to the Document Subpoena. ................................................................................................. 7

CONCLUSION ........................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Fed'n of State, Cnty, and Mun. Emps. Council 79 v. Scott*,
  277 F.R.D. 474 (S.D. Fla. 2011) ...................................................................................7

*Garchik v. Stelor Prods., LLC*,
  No. 307631-V, 2009 WL 7809596 (Md. Cir. Ct. Sept. 1, 2009) ...............................3

*Rajamin v. Deutsche Bank Nat'l Tr. Co.*,
  757 F.3d 79 (2d Cir. 2014)..........................................................................................2

*SM Kids, LLC v. Google LLC, et. al*,
  No. 18-cv-2637 (S.D.N.Y.) (LGS) .........................................................................1, 3

*In re Stelor Prods. LLC*,
  09-13445 (Bankr. D. Del.) ..........................................................................................3

*Whatley v. World Fuel Servs. Corp.*,
  No. 20-20993, 2020 WL 4818924 (S.D. Fla. Aug. 19, 2020) ....................................7

*Xfinity Mobile v. AS Trading Corp.*,
  No. 20-mc-80722, 2020 WL 4059608 (S.D. Fla. July 20, 2020) ..............................7

**Statutes**

11 U.S.C. § 362..................................................................................................................3

**Other Authorities**

Fed. R. Civ. P.
  26................................................................................................................................7
  45............................................................................................................................6, 7

Movants ("Google") move pursuant to Federal Rule of Civil Procedure 45(d) to compel Respondent Michael Surkes to produce documents responsive to a subpoena that was served on him in *SM Kids, LLC v. Google LLC, et. al*, No. 18-cv-2637 (S.D.N.Y.) (LGS), which is currently pending in the Southern District of New York.

## INTRODUCTION

Michael Surkes has failed to respond to a document subpoena that was served by Google LLC ("Google") as part of its defense of the aforementioned lawsuit brought by SM Kids, LLC ("SM Kids"). Google served the subpoena on September 8, 2020, and Mr. Surkes' response was due on September 22, 2020. But he has yet to serve objections or to produce documents in response to the subpoena.

The subpoena seeks documents in Mr. Surkes' possession that are relevant to SM Kids' claim that Google has breached the terms of a trademark coexistence agreement. The trademark coexistence agreement was entered into in December 2008 between Stelor Productions LLC ("Stelor") and Google to settle trademark infringement litigation between them (the "Settlement Agreement"). At the time, Stelor purported to have rights in the GOOGLES mark, and the Settlement Agreement defined the terms on which Stelor's use of the GOOGLES mark could coexist with Google, and Google's use of the GOOGLE mark could coexist with Stelor's "Googles" business.

SM Kids purports to be the successor to Stelor's rights under the Settlement Agreement pursuant to a series of assignments of the GOOGLES mark. Google contends that those assignments were invalid for a number of reasons, including that the mark was not transferred with the business' goodwill, and therefore the assignments were all invalid assignments-in-gross. Google also contends that the assignees abandoned any rights they may have had in the mark because they never used the mark in commerce. Based on these facts, Google contends that SM

Kids does not have any rights in the GOOGLES mark and therefore also lacks prudential standing to enforce the Settlement Agreement. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 87 (2d Cir. 2014).

One of those assignees of the GOOGLES mark was Stelpro Loan Investors, LLC (together with Stelpro Loan Investors II, LLC, "Stelpro"). Stelpro received an assignment of the mark from Stelor on August 17, 2011 and, SM Kids alleges that Stelpro subsequently assigned the mark to a real estate development company, SJM Partners, whose principal, Stephen Garchik is also the principal of SM Kids. Google contends that the assignment of the mark to Stelpro was an invalid assignment in gross, that Stelpro never used the mark in commerce and that the assignment of the mark from Stelpro to SJM partners was also an assignment in gross. Google also alleges that the transfer of the mark from Stelpro to SJM Partners by Garchik was not authorized by Stelpro's members.

Michael Surkes was a member of Stelpro. To discover what he knew about these transfers, as well as Stelpro's use of the mark, Google served with him a document subpoena seeking his documents and communications relating to the GOOGLES mark, the Googles business, and the disputed assignments to and from Stelpro.

Shortly after he received Google's subpoena, Mr. Surkes called Google's counsel at Cooley LLP. Google's counsel had a brief conversation with Mr. Surkes in which he represented that he would collect responsive documents and let Google's counsel know what he was able to locate. But counsel did not hear from Mr. Surkes further. In response to his silence, counsel for Google attempted to communicate with Mr. Surkes again, by phone, text, email, and FedEx, to follow up on the subpoena, but counsel has still not received any response. Thus, Google respectfully asks

2

this Court to issue an order compelling Mr. Surkes to produce the documents sought by the subpoena.

## BACKGROUND

I. **Stelor Productions, LLC and the Googles Business Between 2007 and 2011.**

In 1998, Steven Silvers sought to develop a children's website at the domain www.googles.com based on the characters from his book, "Googles and the Planet of Goo." (ECF No 81-4 ¶ 4).[1] In 2002, Stelor licensed the GOOGLES mark and the googles.com website from Silvers. (*Id.*). In or around 2007, Silvers assigned the GOOGLES mark and the domain name to Stelor, (ECF No. 23-3 at 2), and Stelor continued to pursue a trademark infringement lawsuit that Silvers had been pursuing against Google, (*id.*). In 2008, Stelor and Google settled their infringement litigation and executed the Settlement Agreement. (ECF No. 23-3).

When the Settlement Agreement was executed, Stelor owed Stelpro $3 million pursuant to two loan agreements. The Stelpro loans were secured by all of Stelor's assets, (ECF No. 23-12 ¶ 7; ECF No. 23-2 ¶ 24), and Stelor was obligated to repay the loans by late 2008, (ECF No. 23-2 ¶¶ 2, 7, 11, 14, 19, 22).

When Stelor failed to repay the Stelpro loans, Stelpro filed a lawsuit in state court in Maryland seeking to foreclose on all of Stelor's assets. (ECF No. 23-12 ¶ 28). The court awarded judgment in Stelpro's favor. (ECF No. 23-2 ¶ 28); *Garchik v. Stelor Prods., LLC*, No. 307631-V, 2009 WL 7809596 (Md. Cir. Ct. Sept. 1, 2009). Before Stelpro could enforce the judgment, Stelor filed for bankruptcy in Delaware, which resulted in an automatic stay of the Maryland Circuit Court case per 11 U.S.C. § 362. (ECF No. 23-2 ¶ 34); *In re Stelor Prods. LLC*, 09-13445 (Bankr. D. Del.). In 2011, the bankruptcy court lifted the automatic stay, allowing Stelpro to enforce the

---

[1] ECF cites refer to the docket of *SM Kids, LLC v. Google LLC, et. al*, No. 18-cv-2637 (S.D.N.Y.) (LGS) (SDA).

3

Maryland state court judgment, (ECF No. 81-2 at 5), and then the court closed the case after finding that Stelor had no assets with which to pay creditors. (ECF No. 81-2 at 6-7).

## II. The August 2011 Assignment of the Googles Mark to Stelpro and Subsequent Assignments.

When the bankruptcy court lifted the stay, Garchik, who was the largest investor in Stelpro, allegedly assigned the GOOGLES mark from Stelor to himself, as Trustee for Stelpro. (ECF No. 23-4). Garchik also received a Judgment Awarding Possession of Property from the Maryland Circuit Court, which he claims he relied on to seize other Stelor assets. (ECF No. 81-8 ECF No. 81-1 at 94:5-25). Garchik claims these assets included computer hard drives, CD-ROMS containing Silvers' Googles from Goo music, several copies of the "Googles and the Planet of Goo" book, and furniture. (ECF No. 81-1 at 104:3-105:24). Yet, there is no evidence that any of these items or content were ever used by Stelpro to operate a business that was associated with the GOOGLES mark. They were stored in the offices of Garchik's real estate development business, SJM Partners, in Garchik's home, or in a storage facility. (ECF No 81-1 at 94:5-97:25).

In 2013, Garchik purported to assign the GOOGLES mark to his company SJM Partners, despite the fact that he never owned the mark individually and did not appear to have the right to assign the mark unilaterally. (ECF No. 23-5). Moreover, the invalidity of this assignment is corroborated by a February 6, 2014 Assignment Agreement in which Stelpro assigned a 50% interest in the GOOGLES mark and Stelpro's rights under the Settlement Agreement to another party, Taral Productions LLC and represented that it was "the sole owner of all rights in and to the [GOOGLES mark]." (Ex. A at ¶¶ C, 5).

Thus, as of 2014, the GOOGLES mark appears to have been owned by Stelpro and Taral Productions LLC and could not have been assigned unilaterally by Garchik in 2013 to SJM Partners.

4

Nevertheless, in February 2018, Garchik purported to assign the GOOGLES mark and rights under the Settlement Agreement from SJM Partners to SM Kids, for the purpose of bringing this lawsuit. In its complaint, SM Kids claims to be the successor to Stelor's rights in the mark and the Settlement Agreement. (ECF No. 2-1 ¶ 7)

### III. Relevant Procedural History.

On February 23, 2018, SM Kids filed a complaint in New York Supreme Court alleging that Google had breached the Settlement Agreement. Google removed the matter to the United States District Court for the Southern District of New York. (ECF No. 1). On August 24, 2018, Google moved to dismiss pursuant to Rule 12(b)(1) for lack of standing. (ECF No. 80). On July 16, 2019, the Court granted Google's Rule 12(b)(1) motion, finding that SM Kids lacked rights in the GOOGLES mark because there had been no use of the mark in commerce since at least as early as 2010. (ECF No. 76). The Court also found that SM Kids could not "show that the transfer of goodwill accompanied each purported assignment of the Googles mark, particularly the assignment of the mark to Plaintiff[.]" (ECF No. 76 at 5-7, 9). Thus, the Court dismissed the case under Rule 12(b)(1).

SM Kids appealed the Court's decision to the Second Circuit, which vacated the judgment and remanded the case, based on its holding that, insofar as SM Kids lacked rights in the GOOGLES mark, as the District Court had concluded, the District Court would be presented with the question of whether the SM Kids lacked contractual (or prudential) standing, though the Court would still have subject matter jurisdiction to decide the case. (ECF No. 96-1 at 8-9, 16-17). The Second Circuit did not reverse the District Court's findings relating to SM Kids' rights in the GOOGLES mark or the validity of the assignments. (ECF No. 96-1 at 16-17). The case has now been remanded to the District Court, which has ordered that fact discovery be concluded by January 11, 2021. (ECF No. 96-1; ECF No. 130).

5

On September 8, 2020, Google personally served a Rule 45 document subpoena on Mr. Surkes. The subpoena contains one document request: "All documents and communications relating to the GOOGLES mark and business." (Ex. B). Mr. Surkes' response to this subpoena was due on September 22, 2020.

The day after Mr. Surkes received the subpoena, he left a voice message with Brendan Hughes of Cooley LLP, the attorney of record on the subpoena. Around September 11, 2020, he had a telephone conversation with Ian Shapiro of Cooley LLP. Mr. Shapiro confirmed that Mr. Surkes was not represented by counsel and explained to Mr. Surkes that Google was seeking documents responsive to the subpoena. Mr. Surkes said that he would look for responsive documents and call back. However, Google did not hear from Mr. Surkes. Google has tried to follow-up with Mr. Surkes by phone, email, and text message. (Ex. C). Google also hand-delivered a letter to Mr. Surkes by FedEx which was acknowledged with "V. Vicky's" signature. (Ex. D). The letter requested that Mr. Surkes contact us to respond to his subpoena and also informed him that we would have to move to compel him to comply with the subpoena in federal court if he did not respond. (Ex. D).

Google has sought to address Mr. Surkes' failure to respond without resorting to litigation, but he has yet to respond, and Google therefore now moves this court for an order directing Mr. Surkes to comply.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a non-party to, among other things, "produce designated documents . . . in that [party's] possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena recipient is required to produce responsive documents in response to that subpoena, Fed. R. Civ. P. 45(e)(1)(A), unless the recipient objects to the requests in the subpoena within 14 days, Fed. R. Civ. P. 45(d)(2)(B). In

6

the event that the subpoenaed person fails to respond to the subpoena, Rule 45(g) provides that "the court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g); *see also Whatley v. World Fuel Servs. Corp.*, No. 20-20993, 2020 WL 4818924, at *2 (S.D. Fla. Aug. 19, 2020) (explaining that "a non-party's failure to comply with a subpoena exposes that non-party to possible contempt."). Additionally, a subpoenaed person waives his or her right to object to the subpoena when he or she fails to respond. *Xfinity Mobile v. AS Trading Corp.*, No. 20-mc-80722, 2020 WL 4059608, at *2 (S.D. Fla. July 20, 2020).

## ARGUMENT

### I.   Mr. Surkes Must Produce Documents Responsive to the Document Subpoena.

The scope of discovery under Rule 45 is the same as under Rule 26. *Am. Fed'n of State, Cnty, and Mun. Emps. Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011). The subpoena seeks documents that are within the scope of Rule 26(b) because they are relevant to Google's defenses to SM Kids' claims. In particular, Mr. Surkes' knowledge of Stelpro is relevant to Google's defense that the assignment of the mark to Stelpro was an invalid assignment-in-gross because Stelpro never received Stelor's business assets. Mr. Surkes' knowledge is also relevant to Google's argument that Stelpro abandoned the mark because it never used the mark in commerce and to Google's contention that Garchik did not have rights in the mark when he assigned the mark to SJM Partners in 2013.

Because the request is relevant and Mr. Surkes waived his right to object, the Court should direct him to produce all responsive documents. *See Xfinity Mobile*, 2020 WL 4059608, at *2 (finding that respondent had waived all objections to the subpoena and ordering respondent to provide complete responses and provide all responsive documents to the subpoena after it failed to respond).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order Mr. Surkes to produce all documents responsive to the subpoena.

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but, as set forth above, has been unable to do so.

Dated: November 25, 2020

Respectfully Submitted,

*/s/Avi Benayoun*
Avi Benayoun
Florida Bar No.: 0151696
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
(954) 765-0500
Benayouna@gtlaw.com

Ian Shapiro
Charles Low
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
ishapiro@cooley.com
chlow@cooley.com
*Pro Hac Vice Motion to be filed*

*Counsel for Movants*

## CERTIFICATE OF SERVICE

I certify that on November 25, 2020 I caused to be served a copy of the foregoing **MOTION TO COMPEL RESPONDENT MICHAEL SURKES TO COMPLY WITH SUBPOENA** via email to Plaintiff's counsel of record set forth below.

John M. Magliery
Geoffrey S. Brounell
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone: (212) 489-8230
Emails: johnmagliery@dwt.com
geoffreybrounell@dwt.com
